**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

ROSEMARY BLAKES,                                                                                    PLAINTIFF
ADC #705058


v.                                                    No. 3:11CV00259 JLH


JOE BAKER, Police Officer                                                                          DEFENDANT

**ORDER OF DISMISSAL**

Plaintiff, Rosemary Blakes, is a prisoner in the McPherson Unit of the Arkansas Department

of Correction. She has recently filed a *pro se*[1] section 1983 Complaint.  She has not paid the $350

filing fee or filed an Application to Proceed *In Forma Pauperis.*

**I.  Discussion**

**A.      Three Strikes Rule**

The Prison Litigation Reform Act contains a three strikes provision, which specifies that a

prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or appeal in a court of the United States

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800-01 (8th Cir. 2001) (holding

that section 1915(g) is constitutional).

---

[1] Plaintiff is notified of her responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number.  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff has previously filed at least three section 1983 actions that were dismissed for failing to state a claim upon which relief may be granted.  *See Blakes v. Boyd*, 1:00CV00007 BRW (dismissed on April 7, 2000; no appeal filed); *Blakes v. Scuddamore*, 1:00CV00168 JMM (dismissed on December 29, 2000; no appeal filed); *Blakes v. McPherson Unit*, 1:01CV00109 JMM (dismissed on September 27, 2001; no appeal filed).  Thus, Plaintiff accumulated three strikes, as defined by section 1915(g), prior to commencing this action on November 18, 2011.

**B.      Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, she still may be allowed to proceed *in forma pauperis* if she falls under the "imminent danger" exception to the three strikes rule.  *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury").  In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are insufficient[.]" (Emphasis in the original.)

Plaintiff alleges that, in *March of 2008,* Defendant Police Officer Joe Baker wrongfully arrested her in West Memphis, Arkansas.  *See* docket entry #1.  That allegation does not place Plaintiff in imminent danger of serious physical injury when she filed her complaint on November 18, 2011.  Thus, it would be futile to order her to file an Application to Proceed *In Forma Pauperis*.

## II.  Conclusion

IT IS THEREFORE ORDERED THAT:

1.      This case is DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

2.      If Plaintiff wishes to continue this case, she must, **within thirty (30) days of the entry of this Order of Dismissal**:  (a) pay the $350 filing fee in full, noting the above case style and number; and (b) file a Motion to Reopen the case.  Upon receipt of the Motion and full payment, this case will be reopened.

3.      The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 8th day of February, 2012.

*J. Leon Holmes*

UNITED STATES DISTRICT JUDGE